■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VASQUEZ, Appellant. — Judgment, Supreme Court, Bronx County (Koenig, J.), rendered August 28, 1979 convicting defendant, upon a plea of guilty, of attempted murder in the second degree and related crimes, and sentencing him as a second felony offender to concurrent indeterminate terms of imprisonment, of which the longest is 4 ½ to 9 years, is unanimously modified, on the law, by reversing the judgment with respect to sentence and remanding the case to Trial Term for the purpose of resentencing the defendant, and the judgment is otherwise affirmed. The attorney for defendant and the District Attorney both agree, as we do, that defendant should not have been sentenced under the predicate felon statute (Penal Law, § 70.06) for the reason that the crimes which he committed occurred on August 4-5, 1973, and the effective date of the predicate felon statute (Penal Law, § 70.06) was September 1, 1973. Both sides agree that the proper remedy is to vacate the sentence and remand for resentencing. Concur — Sullivan, J. P., Carro, Silverman and Bloom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL VENUTO, Appellant. — Judgment, Supreme Court, New York County (G. Roberts, J.), rendered April 14, 1980, convicting defendant of criminally negligent homicide and sentencing him to a sentence of 60 days and a term of five years' probation unanimously modified, on the law, by reversing as to sentence and reducing the sentence to 60 days and a term of probation of 4 years and 10 months and, except as thus modified, affirmed. Since the term of 60 days' imprisonment together with five years' probation exceeded five years, the maximum term of probation allowable under section 65.00 (subd 3, par [a], cl [i]) of the Penal Law for a felony, other than a class A-III felony, the sentence is violative of section 60.01 (subd 2, par [d]) of the Penal Law and we modify accordingly. Concur — Sullivan, J. P., Carro, Silverman and Bloom, JJ.